IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03502-GPG

REYNALDO Y. VILLA,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Reynaldo Y. Villa, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Villa has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8).  The court must construe the application liberally because Mr. Villa is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, Mr. Villa will be ordered to file an amended application if he wishes to pursue his claims in this action.

    The application is deficient.  First, the law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  Mr. Villa alleges that he is incarcerated at the Limon Correctional Facility.  Therefore, he should name as

Respondent the warden of that facility.

The application also is deficient because Mr. Villa fails to provide a clear statement of the claims he is asserting. Mr. Villa is challenging the validity of his convictions in two Denver District Court cases. The relevant state court case numbers are 05CR400 and 05CR5751. Construing the application liberally it appears that Mr. Villa is asserting a Sixth Amendment claim challenging application of the rape shield statute; a due process claim challenging the prosecution's decision to combine the two criminal cases in one proceeding; a due process claim challenging jury instructions; a Fifth Amendment claim challenging the lack of a grand jury indictment; a due process claim alleging judicial bias and the absence of a pretrial hearing; a due process claim challenging the absence of a jury instruction on the defense theory of the case; a due process claim alleging improper admission of hearsay evidence; an ineffective assistance of counsel claim; and a due process claim challenging the sufficiency of the evidence. However, Mr. Villa fails to allege specific facts in support of his claims that demonstrate his federal constitutional rights have been violated. For example, Mr. Villa fails to identify the jury instructions he is challenging or explain how those instructions violated his rights, he fails to identify the hearsay evidence that he contends was admitted improperly, and he fails to provide a clear statement of what counsel did or failed to do that was ineffective and how he was prejudiced by counsel's alleged ineffectiveness. Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Villa "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Villa must identify the specific federal constitutional right allegedly violated in each claim he is asserting and he must provide specific factual allegations in support of each asserted claim. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, Mr. Villa has filed a motion (ECF No. 9) seeking appointment of counsel under the Americans with Disabilities Act because his vision is impaired. That motion will be denied.

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Furthermore, decisions regarding appointment of counsel in habeas corpus proceedings generally are "left to the court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). "However, there is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required." *Id.* More specifically, Rule 8(c) of the Rules Governing Section 2254 Cases in the

United States District Courts provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

The court has made no determination regarding whether an evidentiary hearing is warranted in this action. Therefore, Mr. Villa is not entitled to appointment of counsel and the court exercises its discretion in considering the motion for appointment of counsel.

The court is not persuaded that appointment of counsel is necessary in the interests of justice at this stage of the proceedings. The court is unable to determine whether Mr. Villa's claims may have merit because he has not yet provided a clear statement of the federal constitutional claims he is asserting along with specific factual allegations in support of each asserted claim. With respect to his allegation that his vision is impaired, Mr. Villa does not provide any further factual allegations that describe his vision impairment or how it may impact his ability to represent himself. The court does note that Mr. Villa has demonstrated an ability to respond to an order directing him to cure the deficiencies in this action and to prepare a pleading that, although somewhat difficult to read and lacking in specific factual allegations as discussed in this order, identifies the claims he intends to assert. Therefore, the motion for appointment of counsel will be denied at this time. Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Villa file an amended application that clarifies the federal constitutional claims he is asserting. It is

FURTHER ORDERED that Mr. Villa shall obtain the appropriate, court-approved

habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).  It is

FURTHER ORDERED that, if Mr. Villa fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.  It is

FURTHER ORDERED that the motion (ECF No. 9) for appointment of counsel is denied at this time.

DATED March 10, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge