IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03502-GPG

REYNALDO Y. VILLA,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DISMISSING CASE

    Applicant, Reynaldo Y. Villa, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Villa initiated this action by filing *pro se* a motion (ECF No. 1) challenging the validity of a Colorado state court criminal conviction. On March 6, 2015, Mr. Villa filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8). On March 10, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Mr. Villa to file an amended application that clarifies the federal constitutional claims he is asserting. Mr. Villa was warned that the action would be dismissed if he failed to file an amended application within the time allowed. On April 6, 2015, Magistrate Judge Gallagher entered a minute order granting Mr. Villa an extension of time until May 11, 2015, to file an amended application.

    Mr. Villa has not filed an amended application as directed. Instead, on May 11, 2015, he filed a Motion to Dismiss Without Prejudice (ECF No. 21) alleging he needs more time to exhaust state remedies and present the right claims to the Court.

Alternatively, Mr. Villa requests an extension of time until November 30, 2015, to file an amended application. The Court will not grant the requested extension of time. Instead, the Court construes the motion as a notice of voluntary dismissal.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Villa "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by any opposing party in this action. A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that the Motion to Dismiss Without Prejudice (ECF No. 21) is granted. It is

FURTHER ORDERED that the motion (ECF No. 1) and the habeas corpus application (ECF No. 8) are denied and the instant action is dismissed without prejudice pursuant to the Motion to Dismiss Without Prejudice (ECF No. 21) that the Court construes as a notice of voluntary dismissal.

DATED at Denver, Colorado, this   13th   day of    May    , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court